IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH CHISM,
               Plaintiff,

v.                                                        Civil Action No. 3:19-cv-222

TEAMSTERS LOCAL 322,
               Defendant.

## OPINION

Kenneth Chism served as President of the Teamsters Local 322 (the "Local") from 2011 to 2018. He sued the Local in the General District Court of Henrico County, Virginia, seeking compensation for unpaid wages and benefits under the Local's policy manual. The Local removed the case to this Court, invoking federal jurisdiction under 28 U.S.C. § 1331. The Local argues that Chism's claim falls under § 301 of the Labor Management Relations Act of 1947 ("LMRA"). Chism has moved to remand to state court. Because the LMRA does not govern Chism's claim, the Court lacks subject matter jurisdiction and will grant the motion to remand.

## I. BACKGROUND

Chism contends that the Local owes him $23,588.50 for unused sick and personal leave pursuant to the Local's policy manual (the "Policy Manual"). With respect to personal and sick leave, the Policy Manual references the collective bargaining agreement ("CBA") between the Local and UPS (the "UPS Contract"). Specifically, Article 7 of the Policy Manual states as follows:

> Personal holidays and sick days for full-time officers and business agents will be based on the highest rate of any contract negotiated by Local 322. Personal holidays may be taken at any time during the calendar year at their rate of pay and all other language of the UPS contract will apply for sick days and personal holidays.

(Dk. No. 8-1, at 3.)

Under Article 68 of the UPS Contract, employees receive compensation "at the current rate of pay" for "[a]ll unused sick days." (*Id.* at 4.) Under Article 54 of the UPS Contract, employees receive compensation "at their straight time rate for . . . unused personal holidays." (*Id.* at 1.) Articles 54 and 68 also contain instructions for determining eligibility for leave benefits.

The Local argues that the Court has jurisdiction over this case under the LMRA "[t]o the extent Mr. Chism seeks to enforce some term of the referenced contract between Teamsters Local 322 (a labor organization) and UPS (an employer)." (Dk. No. 1, at 3.) The Local further asserts that "[t]he Policy Manual only has legitimacy as an outgrowth of the [b]ylaws," and that the bylaws required "approv[al] by the General President of the International Brotherhood of Teamsters." (*Id.* at 3, 5.) Chism has moved to remand, arguing that this case "is a garden-variety claim for wages brought by Chism against his employer." (Dk. No. 4, at 1.)

## II. **DISCUSSION**[1]

Section 301 of the LMRA confers federal jurisdiction over disputes involving "violation of contracts between an employer and a labor organization representing employees . . . or between any labor organizations." 29 U.S.C. § 185(a). "[T]he goal of § 301 . . . is to promote the uniform interpretation of collective bargaining agreements." *Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 772 (4th Cir. 1998); *Padilla-Gonzalez v. Local 1575*, 635 F. Supp. 2d 105, 109 (D.P.R. 2009) ("Congress intended for labor contracts to be evaluated under a federal standard in order to avoid

---

[1] Federal district courts must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "The party seeking removal bears the initial burden of establishing federal jurisdiction." *Abraham v. Cracker Barrel Old Country Store, Inc.*, No. 3:11-cv-182, 2011 WL 1790168, at *1 (E.D. Va. May 9, 2011). "'If federal jurisdiction is doubtful, a remand is necessary.'" *Id.* (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

conflicting interpretations at the state and federal level that could inhibit the formation of [CBAs].").

To decide whether a claim falls under § 301, a court must first determine whether a contract under § 301 forms the basis of that claim. *See Caterpillar,* 482 U.S. at 394-95. Second, if the claim concerns a contract under § 301, a court must determine whether resolving that claim requires *interpreting* the contract. *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994) ("[T]he mere need to 'look to' the [contract] for damages computation is no reason to hold the state-law claim defeated by § 301.").

### A. Contracts Under § 301

Under § 301 of the LMRA, federal courts have jurisdiction to hear "[s]uits for violation of contracts . . . between . . . labor organizations." 29 U.S.C. § 185(a). "[T]he word 'between' in § 301 refers to 'contracts, 'not 'suits.'" *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 98 (1991) (quoting *Smith v. Evening News Ass'n*, 371 U.S. 195, 198 (1962)). "Hence, a suit properly brought under § 301 must be a suit either for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce or for violation of a contract between such labor organizations." *Id.* at 98. Here, the Local points to two documents: (1) the Local's bylaws and (2) the UPS Contract.

First, the Local argues that its executive board promulgated the Policy Manual pursuant to the Local's bylaws, which were "approved by the General President of the International Brotherhood of Teamsters." (*Id.* at 3.) A local union's "constitution and bylaws," however, "merely constitute a contract between a local union and its members, and a suit predicated on such a contract . . . does not fall within . . . section 301." *Dashields v. Robertson*, 215 F.3d 1318, 2000

WL 564024, at *2 n.2 (4th Cir. May 10, 2000) (table decision).[2] Accordingly, "federal courts lack jurisdiction under § 301 to adjudicate a dispute between an individual member and a union for alleged violations of a local union's constitution or bylaws." *Grant v. Commc'ns Workers of Am., Local 1101*, No. 16 CIV. 9553 (LGS), 2017 WL 6000605, at *8 (S.D.N.Y. Dec. 1, 2017). The Local's bylaws, therefore, do not confer federal jurisdiction under the LMRA.

Second, the Local asserts that the Court has jurisdiction because the Policy Manual refers to the UPS Contract. Chism, however, merely seeks to enforce his rights under the Policy Manual, which incorporates the UPS Contract by reference. *See Marion v. Va. Elec. & Power Co.*, 52 F.3d 86, 89 (4th Cir. 1995) ("The fact that the . . . contract . . . may have borrowed one or more terms from the [CBA] does not bring [the plaintiff's] employment contract within the scope of Section 301, because it is still not the kind of contract with which Section 301 is concerned."). The Policy Manual—not the UPS Contract—governed the relationship between Chism and the Local during his employment. *Cf. Caterpillar*, 482 U.S. at 394 ("Section 301 says nothing about the content or validity of individual employment contracts.").[3] The UPS Contract, therefore, does not form the basis of Chism's claim.

### B. *The Interpretation Requirement*

Even if Chism's claim arises out of the UPS Contract, his claim still falls outside the scope of the LMRA. When a claim "merely require[s] referencing" a CBA, that claim "do[es] not fall

---

[2] *See also Madsen v. Am. Fed'n of Musicians of the U.S. & Canada, AFL-CIO/CLC, Local 24*, 13 F. Supp. 3d 820, 825 (N.D. Ohio 2014) ("'Local bylaws are not contracts between labor organizations' and do not confer federal jurisdiction." (quoting *Williams v. Local Union 911, United Steelworkers of Am.*, 31 F. Supp. 2d 40, 43-44 (D.R.I. 1998))).

[3] *See also Korzen v. Local Union 705, Int'l Bhd. of Teamsters*, 75 F.3d 285, 288 (7th Cir. 1996) ("A simple employment contract is not within the scope of section 301, even when the employer is a union . . . for it is neither a contract between an employer and a labor organization nor a contract between two labor organizations.").

under section 301(a)." *Padilla-Gonzalez*, 635 F. Supp. 2d at 111. In other words, "the mere need to 'look to' [a] collective-bargaining agreement for damages computation is no reason to hold [a] state-law claim defeated by § 301." *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994). "[T]he 'look to'/'interpret' distinction is 'not always clear or amenable to a bright-line test.'" *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007) (quoting *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (en banc)). A claim requires interpreting a CBA when it is "substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* at 1059. To adjudicate Chism's claim, a court need only look to the UPS Contract to determine Chism's entitlement to compensation for unused sick and personal leave and the amount of any compensation. In other words, this case requires nothing more than "a referral to a CBA for damage computation." *Padilla-Gonzalez*, 635 F. Supp. 2d at 112. Accordingly, Chism's claim does not substantially depend on analyzing the UPS Contract.

### III. CONCLUSION

In sum, Chism's "claim[ ] do[es] not concern his union membership rights, but rather his status as an employee." *Id.* at 111. Chism's claim, therefore, falls outside the scope of the LMRA. Pursuant to 28 U.S.C. § 1447(c), the Court finds that it lacks subject matter jurisdiction and will grant Chism's motion to remand.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 4 November 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

5